IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB LEE INGERSOLL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-46-NJR-DGW |
| WARDEN OF MENARD CORRECTIONAL CENTER, TODD COWELL, and BRYAN NORTIN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Jacob Lee Ingersoll initiated this action on January 17, 2017, pursuant to 42 U.S.C. § 1983 (*Id.*). He alleges the defendants violated his civil rights while he was incarcerated at Menard Correctional Center (*Id.*).

The defendants filed a motion for summary judgment on June 5, 2018, and the Court instructed Mr. Ingersoll to respond by July 9, 2018 (Doc. 44). Mr. Ingersoll did not respond by the deadline (Doc. 47), but the Court *sua sponte* granted him additional time to respond by August 1, 2018 (Doc. 47). The Court warned Mr. Ingersoll that failure to respond could result in the dismissal of his case (Doc. 47). Nonetheless, Mr. Ingersoll neglected to meet this deadline as well. The Court entered a Show Cause Order on October 22, 2018, directing Mr. Ingersoll to submit an explanation as to why the action should not be dismissed for want of prosecution; Mr. Ingersoll was ordered to respond by November 21, 2018 (Doc. 49). Mr. Ingersoll did not comply with the Show Cause

Order, and the Court *sua sponte* dismissed the action with prejudice under Federal Rule of Civil Procedure 41(b) (Doc. 50). On November 28, 2018, Mr. Ingersoll filed an untimely response to the Show Cause Order, stating he was unable to respond by the deadline due to an "extensive number of family issues" and problems with his mailing address (Doc. 52). For the reasons set forth below, the Court affirms its dismissal of the action with prejudice.

The Court has authority under Rule 41(b) to *sua sponte* dismiss an action when a plaintiff fails to prosecute his case. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Before doing so, the Court should consider several factors, including "the frequency and magnitude of the plaintiff's failure to comply with deadlines" and "the prejudice if any to the defendant caused by the plaintiff's dilatory conduct. . ." *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). Dismissal is appropriate under Rule 41(b) "when there is a clear record of delay or contumacious conduct. . ." *Salata v. Weyerhauser Co.*, 757 F.3d 695, 699 (7th Cir. 2014).

Here, Mr. Ingersoll missed several deadlines and waited over four months after the defendants moved for summary judgment to submit a response of any kind. Mr. Ingersoll has demonstrated a pattern of noncompliance with the Court's orders despite receiving an extension of time and a warning that failure to prosecute could result in dismissal of the action. Moreover, Mr. Ingersoll's response to the Court's Show Cause Order fails to establish that his noncompliance was due to anything other than a lack of due diligence. Additionally, the defendants assert they are prejudiced by Mr. Ingersoll's conduct (Doc. 53). They "have dedicated several hours" to this case, and Mr. Ingersoll's

noncompliance "has made it impossible" to execute a defense (*Id.*).

For these reasons, dismissal of this action was appropriate under Rule 41(b). The Court declines to excuse Mr. Ingersoll's noncompliance with its Show Cause Order.

**IT IS SO ORDERED.**

DATED: December 10, 2018

**NANCY J. ROSENSTENGEL**
**United States District Judge**